BROCKENBROUGH, J.,
delivered the opinion of the Court:
The question in this Case depends on the true construction of the twentieth, and twenty-first section of the Act against Gaming. The former, points out the several remedies by which the fines and penalties imposed for Gaming shall be recovered; declares that no exception shall be admitted for any defect or want of form in those remedies, and that the Court shall proceed to give judgment according to the very right of the Case. The other section declares, that if the Defendant, being duly summoned, shall fail to appear and plead to the Presentment, or Indictment, judgment shall be rendered against him in the same manner as if he had appeared and confessed the charge, or denying it, had been found guilty by the verdict of a jury; but, if he shall appear, and plead not guilty, the Court shall proceed forthwith to the trial, and render judgment according to the very right of the Case. The proviso, in the same section, also declares, that if a Defendant against whom a judgment for Gaming has been rendered by default, shall appear during the same Term, surrender himself, or give bail, and plead not guilty, the Cpurt may set aside the judgment, then proceed without delay to the trial, in the same manner as if he had appeared and peladed thereto in the first instance, and render judgment according to the very right of the Case, without regard to any exception that may be alleged against it.
We are of opinion, that from the whole scope of these two sections, it was the apparent intention of the Legislature to exclude every defence in a Gaming case, which does not put in issue the truth of the charge.
This Court has heretofore decided, that there is an exception to this rule. In Cherry’s Case, (ante, p. 20,) the Defendant was admitted to shew that the Presentment should be avoided, because one of the Grand Jurors who *made it was an alien ; and in the Cases of Long, and Carter, (ante, p. 318, 319,) they were allowed to plead in abatement that a Grand Juror was otherwise disqualified. The object of the plea, in each of these cases, was to shew, that the accusing power itself was illegally constituted, and the Court thought, and still thinks, that a man ought not to be required to answer to a Presentment made by a body which had no right to make it. But, when the Presentment is made by a body duly qualified according to Law, then the Act operates to exclude any *347 plea which will not permit the Court to enter judgment according to the very right of the Case.
I am requested to say, that JUDGES SAUNDERS and DANIEL do not concur in this opinion. The following is the judgment to be entered:
“The Court is of opinion, and doth decide, that a misnomer cannot be pleaded in abatement to a Presentment, Indictment, or Information for unlawful Gaming; and that the pleas tended in this Case ought not to be received by the Court. Which is ordered to be certified, &c. ”